UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM,<br><br>           Plaintiff,<br><br>    v.<br><br>SOLAZYME, INC., et al.,<br><br>           Defendants. | Case No.  15-cv-02938-HSG<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Re: Dkt. Nos. 16, 22, 26, 27, 29, 31 |

Pending before the Court in this securities action is a motion filed by Plaintiffs John Medlin, John Hussain, Norfolk County Retirement System, Nancy Ackels, and Leonardo Fernandez (collectively, the "Movants") for an order appointing them as Lead Plaintiffs and approving their selection of Glancy Prongay & Murray LLP and Labaton Sucharow LLP to serve as co-Lead Counsel, as well as Robbins Geller Rudman & Dowd LLP to serve as Liaison Counsel. Dkt. Nos. 29, 31, and 50.

Pursuant to Civil Local Rule 7-1(b), the Court finds that the briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument.  The hearing on this matter currently scheduled for October 8, 2015 is hereby vacated.  The Court has carefully considered the arguments made by the parties and, for the reasons set forth below, **GRANTS** the Movants' motion for appointment as Lead Plaintiffs and approves the Movants' selection of Lead and Liaison Counsel.

**I.   BACKGROUND**

Solazyme is a bioproducts company that uses algae-based fermentation to produce renewable oils for a range of personal and industrial uses.  This putative class action lawsuit arises from alleged misstatements and omissions made by Solazyme concerning the construction progress, development, and production capacity associated with its facility located in Moema,

1  Brazil.  On June 24, 2015, Norfolk County Retirement System filed this action, Dkt. No. 1, and
2  published a notice of pendency of this lawsuit on *Globe Newswire*, a national business-oriented
3  wire service, Dkt. No. 32-4.  Movants seek to represent a class of persons and entities who
4  purchased securities of Solazyme between February 27, 2014 and November 5, 2014 in bringing
5  an action against Defendants for violations of Sections 11, 12(a)(2), and 15 of the Securities Act,
6  15 U.S.C. §§ 77k, 77l, and 77o, and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§
7  78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

8      Movants moved for appointment as Lead Plaintiffs on August 24, 2015.  Dkt. Nos. 29, 31,
9  and 50.  Several other investors also filed motions for appointment as Lead Plaintiff, Dkt. Nos. 16,
10  22, 26, and 27, all but one of which were eventually withdrawn on the basis that the Movants
11  appeared to have the largest financial interest in the relief sought by the class, Dkt. Nos. 40, 48,
12  52.  Peter Lenzenwoeger, the lone investor who has not withdrawn his motion for appointment as
13  Lead Plaintiff, has not opposed the Movants' motion, disputed that they have the largest financial
14  interest in the relief sought by the class, or otherwise challenged their adequacy.  The Defendants
15  have filed a statement of non-opposition, but have requested that, should the Court appoint
16  multiple firms as counsel, it specify the roles various counsel will play or state that "Defendants'
17  counsel may rely upon all agreements made with any appointed counsel, or other duly authorized
18  representative of appointed counsel, and such agreements shall be binding on all plaintiffs."  Dkt.
19  No. 49.

20  **II.    LEGAL STANDARDS**

21      "[T]he Ninth Circuit [has] laid out a three-step process for identifying the lead plaintiff
22  pursuant to the statutory criteria" of the Private Securities Litigation Reform Act ("PSLRA").  *In*
23  *re Copper Mountain Sec. Litig.*, 305 F. Supp. 2d 1124, 1129 (N.D. Cal. 2004) (citing *In re*
24  *Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002)).  "The first step consists of publicizing the
25  pendency of the action, the claims made and the purported class period."  *Cavanaugh*, 306 F.3d at
26  726.  "In step two, the district court must consider the losses allegedly suffered by the various
27  plaintiffs before selecting as the 'presumptively most adequate plaintiff'—and hence the
28  presumptive lead plaintiff—the one who 'has the largest financial interest in the relief sought by

the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Id*. at 729-30 (quoting 15 U.S.C. § 78u–4(a)(3)(B) (iii)(I)). "The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id*. at 730.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z–1(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 711-12 (9th Cir. 2009) (citing *Cavanaugh*, 306 F.3d at 732, 734 & n. 14). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id*. at 712; *see also id.* (approvingly citing *In re Cendant Corp. Litig*., 264 F.3d 201, 276 (3d Cir. 2001), in which the Third Circuit "enumerate[d] factors to consider in conducting this inquiry, including the lead plaintiff's sophistication and experience, the process through which the lead plaintiff selected its candidates for and final choice of lead counsel, the qualifications and experience of selected counsel, and evidence of arms-length negotiations between lead plaintiff and proposed counsel").

## III.   DISCUSSION

### A.   Appointment of Lead Plaintiffs

Movants declare that they caused notice to be published on *Business Wire* on June 24, 2015. Dkt. No. 32-4. Movants have therefore fulfilled the notice requirements of 15 U.S.C. § 77z–1 (a)(3)(A).

Movants declare that they collectively sustained over $640,000 in loss as a result of the misconduct alleged in the Complaint. *See* Dkt. No. 50 at 6. This amount is by far the largest financial interest in the relief sought. *Compare* Dkt. No. 26 (claiming a loss of approximately $52,000). Movants also appear to *prima facie* satisfy Rule 23's requirements, since their claims arise out of the same events that form the putative class members' alleged damages and there is no evidence that their interests and motivations are not aligned with the interests of the putative class. The Court must therefore "adopt a presumption that" Movants are "the most adequate plaintiff[s]." *Id*. No other party has contested the Movant's adequacy to represent the putative class, and thus

the statutory presumption that Movants are the "most adequate plaintiff" remains unrebutted.

### B. Selection of Counsel

Movants' chosen counsel have submitted firm resumes demonstrating their experience and success in litigating securities class actions. *See* Dkt. Nos. 30-4, 32-5, 32-6. The Court has no reason to suspect Movants did not engage in arms-length negotiations with their counsel before their selection, nor any reason to suspect that their counsel's interests do not align with the interests of the putative class. Movants appear to have made a reasonable choice of counsel.

However, the Court does agree with Defendants that the appointment of three law firms may result in miscommunication with Defendants if the firms' roles are not clearly defined and maintained. While the Court will not order the three appointed firms to play particular roles in the litigation, it does order that Defendants' counsel may rely upon all agreements made with any appointed counsel, or other duly authorized representative of appointed counsel, and such agreements shall be binding on all plaintiffs. It is up to the appointed firms to divide up litigation responsibilities in a manner that results in the efficient representation of the putative class.

## IV. CONCLUSION

For the foregoing reasons, the motion of Plaintiffs John Medlin, John Hussain, Norfolk County Retirement System, Nancy Ackels, and Leonardo Fernandez for appointment as Lead Plaintiffs and for approval of their selection of counsel is **GRANTED**. Plaintiffs Plaintiffs John Medlin, John Hussain, Norfolk County Retirement System, Nancy Ackels, and Leonardo Fernandez are hereby **APPOINTED** to serve as Lead Plaintiffs in this action, pursuant to 15 U.S.C. § 77z–1 (a)(3)(B). Plaintiffs' selection of Glancy Prongay & Murray LLP and Labaton Sucharow LLP to serve as co-Lead Counsel, as well as Robbins Geller Rudman & Dowd LLP to serve as Liaison Counsel, is hereby **APPROVED**, pursuant to 15 U.S.C. § 77z–1(a)(3)(B)(v).

**IT IS SO ORDERED.**

Dated: October 8, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge