UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOLAZYME, INC., et al.,<br><br>Defendants. | Case No.15-cv-02938-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 72, 75 |

This is a consolidated putative securities class action brought against Defendant Solazyme, Inc. and other defendants pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77o.

Before the Court are two motions to dismiss brought by two sets of defendants pursuant to Federal Rule of Civil Procedure 12(b)(6): Goldman, Sachs & Company and Morgan Stanley & Company, LLC (collectively, "Underwriter Defendants"), Dkt. No. 75, and Solazyme, Dkt. No. 72. Additionally, the Underwriter Defendants join Solazyme's motion to dismiss. The Court **GRANTS** both motions and **DISMISSES** the Consolidated Class Action Complaint ("Compl."), Dkt. No. 71, with **LEAVE TO AMEND**.[1]

---

[1] Solazyme Defendants have requested that the Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Mark R.S. Foster. Dkt. No. 74. The Court **GRANTS** the request for consideration of documents incorporated by reference in the Complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") The Court also **GRANTS** the request for judicial notice of SEC filings, *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n. 2 (9th Cir.

## I. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### B. Heightened Pleading Standards

Section 10(b) of the Securities Exchange Act of 1934 provides that it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance . . . ." 15 U.S.C. § 78j(b). Under this section, the Securities and Exchange Commission promulgated Rule 10b–5, which makes it unlawful, among other things, "[t]o make

---

2006) (same), and of press releases and other investor communications showing that the "market was aware of information[,]" *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-81 & n. 18 (9th Cir. 1999); *see also Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of press releases); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (taking judicial notice of slide presentations to analysts).

1    any untrue statement of a material fact or to omit to state a material fact necessary in order to
2    make the statements made, in the light of the circumstances under which they were made, not
3    misleading." 17 C.F.R. § 240.10b–5(b). "To prevail on a claim for violations of either Section
4    10(b) or Rule 10b–5, a plaintiff must prove six elements: "(1) a material misrepresentation or
5    omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or
6    omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or
7    omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific–*
8    *Atlanta, Inc.*, 552 U.S. 148, 157 (2008).

9    At the pleading stage, a complaint alleging claims under section 10(b) and Rule 10b–5
10   must not only meet the requirements of Rule 8, but must satisfy the heightened pleading
11   requirements of both Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation
12   Reform Act ("PSLRA"). *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).
13   Under Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which
14   requires that a party "state with particularity the circumstances constituting fraud or mistake."
15   Fed. R. Civ. P. 9(b). Additionally, all private securities fraud complaints are subject to the "more
16   exacting pleading requirements" of the PSLRA, which require that the complaint plead with
17   particularity both falsity and scienter. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990
18   (9th Cir. 2009).

19   **II.    DISCUSSION**

20       **A.    Falsity Requirement - Securities Act Allegations**

21   As a threshold issue, Plaintiffs argue that the heightened pleading requirement does not
22   apply to Counts III-V, arguing these claims sound in negligence, not fraud, and thus are subject
23   only to Rule 8's pleading standards. *See* Compl. ¶ 13 ("The Securities Act claims are based solely
24   on strict liability and negligence, and are not based on any reckless or intentionally fraudulent
25   conduct by or on behalf of the Securities Act Defendants—i.e., the Securities Act claims do not
26   allege, arise from, or sound in, fraud. Plaintiffs specifically disclaim any allegation of fraud,
27   scienter, or recklessness in these non-fraud claims.").

28   The Court disagrees. "The particularity requirements of Rule 9(b) apply to claims brought

3

under section 11 when such claims are grounded in fraud." *Rigel*, 697 F.3d at 885. "[A] plaintiff's nominal efforts to disclaim allegations of fraud with respect to its section 11 claims are unconvincing where the gravamen of the complaint is fraud and no effort is made to show any other basis for the claims." *Id*. Although Plaintiffs' complaint "expressly exclude[s] and disclaim[s] any allegation that could be construed as alleging fraud or intentional or reckless misconduct," Plaintiffs also appear to rely on the same omissions and misstatements as they do for the Exchange Act claims. When the allegations are viewed holistically, the Court finds that Counts III-V "allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)*; see also Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) ("Where as here . . . a complaint employs the exact same factual allegations to allege violations of section 11 as it uses to allege fraudulent conduct under section 10(b) of the Exchange Act, we can assume that it sounds in fraud."); *Rigel*, 697 F.3d at 886 (applying Rule 9(b) standard: "[A]lthough the section 11 claim does not adopt all of the allegations contained in the rest of the complaint, it does not allege different misrepresentations. Instead, it merely relies on the same alleged misrepresentations . . . central to Plaintiff's section 10(b) fraud claim."). Thus, while Plaintiffs are correct that fraud is not a necessary element of negligence, because the negligence claims "'sound[] in fraud,' . . . the pleading of [those claims] as a whole must satisfy" Rule 9(b)'s requirements. *See Vess*, 317 F.3d at 1103 (9th Cir. 2003).

"The plaintiff in a § 11 claim must demonstrate (1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *Kaplan v. Rose*, 49 F.3d 1363, 1371 (9th Cir.1994). "No scienter is required for liability under § 11; defendants will be liable for innocent or negligent material misstatements or omissions." *Id.* (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983) ("Liability against the issuer of a security is virtually absolute, even for innocent misstatements.")).

For the reasons discussed in Section B below, Plaintiffs have failed to plead with particularity the requisite false or misleading statement.

4

### B. Falsity Requirement - Exchange Act Allegations

In contrast to § 11, § 10(b) requires scienter and covers statements made not only in the registration statement or prospectus but also in other documents and in oral communications. Section 10(b) makes it unlawful "for any person . . . [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." 15 U.S.C. § 78j(b). SEC Rule 10b–5, promulgated under the authority of § 10(b) provides that:

> It shall be unlawful for any person . . .
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. Claims brought under Rule 10b–5 and § 10(b) must meet the particularity requirements of Rule 9(b). *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996). "For purposes of Rule 9(b), allegations of specific problems undermining a defendant's optimistic claims suffice to explain how the claims are false." *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 927 (9th Cir. 1996) (internal quotation marks omitted).

Here, Plaintiffs have failed to satisfy the PLSRA and Rule 9(b) pleading requirements. The allegations omit contemporaneous facts that would establish a contradiction between the alleged materially misleading statements and reality. Throughout the complaint, Plaintiffs reference facts they claim establish that key representations were false or misleading when made, but they consistently fail to allege that the facts existed and were known to Defendants *at the time the statements were made*. *See, e.g.*, Compl. ¶ 97 (alleging that "the attempted substitution of oil from Clinton/Galva was rejected by Unilever because it was not actually produced at the Moema Facility[,]" but failing to state when the alleged rejection occurred). Generically asserting in an undifferentiated manner that facts occurred "during the Class Period" is insufficient, especially when almost 90% of that Class Period occurred after the offerings at issue. In other instances, the facts purportedly inconsistent with Defendants' representations do not plausibly support an

inference that the representations were false or misleading. *Compare, e.g.*, *id.* ¶ 72 (Solazyme's press release stated that the Moema Facility had "***successfully produced its first commercially saleable products on full-scale production lines***" (emphasis in original)) *and id.* ¶ 80 (Defendant Wolfson stated that Solazyme had "'***shipped initial volumes of commercial products***' from the Moema Facility" (emphasis in original)) *with id.* ¶ 96 (CW2 stated that "no oil produced at the Moema Facility was ever ***sold*** to customers during the Class Period") (emphasis added). At a minimum, to meet the requirements of Rule 9(b), Plaintiffs must, for each allegedly false or misleading statement, clearly allege with particularity *why* the statement was false or misleading *at the time it was made*. *See Rigel*, 697 F.3d at 876.[2]

### C. Standing

Section 11 of the Securities Act, 15 U.S.C. § 77k, provides a cause of action to any person who buys a security issued under a materially false or misleading registration statement. "Plaintiffs need not have purchased shares in the offering made under the misleading registration statement; those who purchased shares in the aftermarket have standing to sue provided they can trace their shares back to the relevant offering." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013). "When all of a company's shares have been issued in a single offering under the same registration statement, this 'tracing' requirement generally poses no obstacle." *Id*. "But when a company has issued shares under more than one registration statement, the plaintiff must prove that her shares were issued under the allegedly false or misleading registration statement, rather than some other registration statement." *Id.*

Here, Plaintiffs have failed to adequately allege that their shares are traceable to the offering. The Securities Act claims are based on two registered public offerings executed on March 27, 2014: a public notes offering ("Notes Offering") selling approximately $149.5 million in convertible notes, and a public secondary offering of common stock ("Stock Offering," and together with the Notes Offering, the "Offerings"), selling 5.75 million shares of stock at $11.00

---

[2] Because the Court finds that Plaintiffs' allegations of false or misleading statements are deficient and must be dismissed with leave to amend, it does not consider whether Plaintiffs have adequately alleged scienter. The Court will defer that analysis, and any analysis of the safe harbor and bespeaks caution doctrines, until it can assess any amended falsity allegations.

1   per share. Compl. ¶ 12. "The Securities Act claims are brought on behalf of all persons or entities
2   who purchased or otherwise acquired Solazyme securities pursuant and/or traceable to" either of
3   these two offerings. *Id.*

4         Although the complaint alleges that "Plaintiffs and members of the Class purchased the
5   Notes pursuant or traceable to the Notes Offering and/or purchased Solazyme stock pursuant to the
6   Stock Offering," *see id.* ¶ 156, such a conclusory allegation of standing alone is not enough. *See*
7   *also id.* ¶ 19 ("Norfolk County purchased common stock of Solazyme . . . , including Solazyme
8   common stock traceable to Solazyme's March 27, 2014 stock offering sold pursuant to a
9   materially false and misleading Registration Statement and Stock Prospectus . . . ."). As to the
10  Notes Offering, there is no claim that Plaintiffs have alleged any purchases of Solazyme notes. As
11  to the Stock Offering, Plaintiffs have failed to plead any facts establishing that they either
12  purchased the shares directly or that the shares can be traced back to the Stock Offering. It
13  appears equally plausible that Plaintiffs purchased Solazyme stock from the open market and not
14  from the relevant offering. *See Century Aluminum*, 729 F.3d at 1108 ("When faced with two
15  possible explanations, only one of which can be true and only one of which results in liability,
16  plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but
17  are also consistent with the alternative explanation. Something more is needed, such as facts
18  tending to exclude the possibility that the alternative explanation is true." (citations omitted)).

19        With respect to the claims against the Underwriter Defendants, § 12(a)(2) provides that any
20  person who "offers or sells" a security by means of a prospectus containing a materially false
21  statement or material omission shall be liable to any "person purchasing such security *from him*."
22  15 U.S.C. § 77l(a)(2) (emphasis added). Section 12(a)(2) requires a plaintiff to plead and prove
23  that it purchased a security directly from the issuer as part of the initial offering, rather than in the
24  secondary market. *See Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1081 (9th Cir.1999)
25  ("Section 12 . . . permits suit against a seller of a security by prospectus only by 'the person
26  purchasing such security from him,' thus specifying that a plaintiff must have purchased the
27  security directly from the issuer of the prospectus.").

28        Plaintiffs fail to allege that they purchased Solazyme stock directly in the Secondary Stock

7

Offering. Rather, the complaint generally alleges that it "purchased common stock traceable to Solazyme's March 27, 2014 stock offering." Compl. ¶ 19. Such conclusory language is insufficient to confer standing under § 12.

### D. Control Person Liability

Plaintiffs also allege Section 20(a) claims against the Individual Defendants and Solazyme on a "control person" theory of liability. *See id.* ¶ 174. As Plaintiffs have not adequately alleged a primary violation of 10b–5, Plaintiffs' claims for control person liability under § 20 are **DISMISSED** with leave to amend. *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** both motions and **DISMISSES** the Consolidated Class Action Complaint with **LEAVE TO AMEND**. Any amended complaint must be filed within 28 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 12/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge